IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**WALTER HERNANDEZ, SR.,**

    Petitioner,

v.                                        Case No. 5:17cv025-MCR/CAS

**WARDEN, FCI MARIANNA,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about January 24, 2017, Petitioner Walter Hernandez, Sr., a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 2. He also filed a supporting memorandum. ECF No. 1. On November 14, 2017, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 11. Petitioner has filed a reply. ECF No. 17.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes Petitioner has not demonstrated entitlement to proceed under section 2241 and this petition should be dismissed.

## Background

Petitioner Hernandez and other members of his family were convicted of "charges related to the 1989 murder-for-hire of the night watchman at their family business' warehouse, the burning of that warehouse, and the ensuing fraud on the warehouse's insurer." United States v. Hernandez, 141 U.S. 1042, 1044 (11th Cir. 1998). In particular, the federal grand jury indictment charged them with "(1) a multi-object conspiracy to commit murder-for-hire, arson, and mail fraud, in violation of 18 U.S.C. § 371; (2) use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958; (3) arson, in violation of 18 U.S.C. § 844(i); (4) eight counts of mail fraud, in violation of 18 U.S.C. § 1341; and (5) using fire to commit a federal felony offense, i.e., mail fraud, in violation of 18 U.S.C. § 844(h)." Id. at 1047-48. Petitioner was also charged with three counts of bank fraud, in violation of 18 U.S.C. § 1344. Id. at 1048; see United States v. Hernandez, No. 1:94cr262-UU (S.D. Fla. 1994) After a five-week trial, the jury convicted Petitioner on all counts. Petitioner received multiple life sentences and a consecutive 60-month term of imprisonment. See United States v. Hernandez, No. 1:94cr262-UU (S.D. Fla. Mar. 20, 1996), ECF No. 407 (judgment). All the defendants appealed

and the Eleventh Circuit affirmed the convictions on August 5, 1998. United States v. Hernandez, 141 F.3d 1042 (11th Cir.), *cert. denied*, 525 U.S. 907 (1998).

On December 7, 1999, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, asserting he was denied his right to represent himself and the court and government engaged in multiple constitutional violations against him. Hernandez v. United States, No. 1:99cv2645-SH (S.D. Fla.), ECF Nos. 26 (report and recommendation) and 29 (final judgment). The court denied the motion on the merits. *Id*. Petitioner appealed and the Eleventh Circuit dismissed the appeal as untimely. *Id*. ECF No. 44.

On July 29, 2011, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Augustine, No. 5:11cv270-MP/GRJ, ECF No. 1. The magistrate judge found Petitioner precluded by § 2255 from pursuing remedies under § 2241. *Id*. ECF No. 5. The judge explained Petitioner had been denied relief under § 2255 and his § 2241 petition did not meet any of the requirements for proceeding under the saving clause. *Id*. Accordingly, the judge recommended the § 2241 petition be dismissed. *Id*. The district judge considered Petitioner's objections, but adopted the magistrate judge's report and recommendation;

accordingly, the district judge dismissed the § 2241 petition. *Id.* ECF No. 7.

As indicated above, on January 24, 2017, Hernandez filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF Nos. 1, 4. He raises one ground, asserting his conviction for aiding and abetting is invalid because the U.S. Supreme Court's decision in United States v. Rosemond, 134 S. Ct. 1240 (2014), overturned the law in this circuit and applies retroactively. ECF No. 1, ECF No. 4 at 3.

On November 14, 2017, Respondent filed a motion to dismiss, with exhibits. ECF No. 11. Respondent asserts this Court lacks jurisdiction. *Id.* at 1-2, 6-7. Respondent further asserts that, even if this Court has jurisdiction, Hernandez's petition is untimely, *id.* at 1-2, 7-8, and Rosemond has no application to this case, *id.* at 1-2, 8-12.

Petitioner Hernandez has filed a reply. ECF No. 17. Petitioner asserts this Court has jurisdiction, his petition is not untimely, Rosemond does apply to his case, and leaving him in prison to serve an illegal sentence would constitute a miscarriage of justice. *Id.* He specifically asserts he "is challenging his 'detention,' not his sentence." *Id.* at 5.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. See United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted section 2255 of Title 28. See id. at 212–14, 218.

The language of section 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving section 2241 available to challenge the continuation or execution of an initially valid confinement.

Case 5:17-cv-00025-MCR-CAS   Document 18   Filed 01/25/18   Page 6 of 13

Page **6** of **13**

*See* <u>McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.</u>, 851 F.3d 1076, 1081 (11th Cir. 2017); <u>Antonelli v. Warden, U.S.P. Atlanta</u>, 542 F.3d 1348, 1351-52 (11th Cir. 2008); <u>United States v. Jordan</u>, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, section 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* <u>Antonelli</u>, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); <u>Thomas v. Crosby</u>, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); <u>Bishop v. Reno</u>, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In his § 2241 petition, Petitioner Hernandez argues his "conviction for aiding and abetting is invalid." ECF No. 4 at 3. He thus challenges his conviction. A collateral attack on the validity of a federal conviction is properly brought under 28 U.S.C. § 2255 in the district of conviction. *See,*

*e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629. *Accord* McCarthan, 851 F.3d at 1089.

Further, § 2255(e) bars a § 2241 petition if the prisoner "has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e) (emphasis added); McCarthan, 851 F.3d at 1081. The italicized language, known as the "saving clause," provides a narrow exception to the bar and allows review of a § 2241 habeas petition only in limited circumstances. McCarthan, 851 F.3d at 1081-82 ("'[S]*aving*[, not savings,] is the precise word' for 'a statutory provision exempting from coverage something that would otherwise be included' . . . ; it has nothing to do with saving a statute from unconstitutionality . . . ."). "The applicability of the saving[] clause is a threshold jurisdictional issue, and the saving[] clause imposes a subject-matter jurisdictional limit on § 2241 petitions." Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing Williams, 713 F.3d at 1337-38). A petitioner has the burden of demonstrating entitlement to proceed under the saving

clause.  *Id.*; *accord* McCarthan, 851 F.3d at 1081.

In particular, in McCarthan, the Eleventh Circuit recently explained:

> To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim.   And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate.   In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

McCarthan, 851 F.3d at 1086-87; *see id.* at 1079-80, 1096-99 (overruling Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013); and Mackey v. Warden, FCC Coleman-Medium, 739 F.3d 657 (11th Cir. 2014)).   The Eleventh Circuit has determined that "[l]imiting the saving clause to claims that are not cognizable or that cannot be remedied under section 2255 respects the entire system of collateral review."   *Id.* at 1092.   The court explained that only a few circumstances exist where a § 2255 motion would prove inadequate or ineffective to test a petitioner's claim:

> The saving clause has meaning because not all claims can be remedied by section 2255.   A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations.   The saving clause also allows a prisoner to bring a petition for a writ of habeas corpus when the sentencing court is unavailable.   Other circuits have held that a prisoner may file a petition for a

> writ of habeas corpus if his sentencing court has been dissolved. Or, as our sister circuit has held, perhaps practical considerations (such as multiple sentencing courts) might prevent a petitioner form filing a motion to vacate. "But only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'"

*Id*. at 1092-93 (citations omitted). Here, Petitioner Hernandez has not shown entitlement to proceed under the saving clause because his claims (regarding the proof of elements in his case and his conviction) are cognizable under § 2255.

Hernandez attempts to satisfy the saving clause by relying on the U.S. Supreme Court's decision in Rosemond. ECF Nos. 1, 4, 17. Rosemond was a direct appeal and the U.S. Supreme Court gave no indication that decision applied retroactively to cases on collateral review. 134 S. Ct. at 1249-52; *see, e.g.*, Howard v. Warden, FCC Coleman, No. 5:14cv340-OC-17PRL, 2017 WL 821684 at *2 (M.D. Fla. Mar. 2, 2017) (Memorandum and Order, providing in pertinent part: "The Supreme Court has not made its decision in Rosemond retroactively applicable to cases on collateral review, nor has any court within the Eleventh Circuit determined that it is retroactively applicable."); Kemp v. United States, No. 10-20410-CR-LENARD, 2016 U.S. Dist. LEXIS 137801 at *15-17 (S.D. Fla. Feb. 19, 2016) (Report and Recommendation, collecting cases and explaining in

pertinent part: "The consensus among courts which have addressed this issue have determined that, because the holding in Rosemond was dictated by established precedent, Rosemond does not apply retroactively to cases on collateral review.").

Further, in McCarthan, as Respondent points out, the Eleventh Circuit determined "a change in caselaw does not trigger relief under the saving clause." McCarthan, 851 F.3d at 1085. The Eleventh Circuit explained:

> A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court.

*Id*. at 1099. Hernandez was "free to bring" his claims in a § 2255 motion to vacate – an "adequate and effective means for testing such an argument." McCarthan, 851 F.3d at 1099 (quoting Prost v. Anderson, 636 F.3d 578, 580 (10th Cir. 2011)). Therefore, Hernandez cannot now use the saving clause to bring his claims in a § 2241 habeas corpus petition.

Finally, even considering Rosemond, Hernandez's reliance thereon is misplaced, as Respondent indicates. In Rosemond, the U.S. Supreme Court held that to aid and abet a firearm offense in violation of § 924(c), a

defendant must know in advance that a firearm will be used or carried. 134 S. Ct. at 1249; *see, e.g.*, Watson v. Mosley, 644 F. App'x 348, 348-49 (5th Cir. 2016); U.S. v. Persaud, 605 F. App'x 791, 800-01 (11th Cir. 2015). As Respondent indicates, Hernandez's case concerned murder-for-hire, a violation of 18 U.S.C. § 1958, not the situation involved in Rosemond. "Rosemond did not purport to change the law of aiding and abetting generally, only to clarify its application to a § 924(c) firearm offense." United States v. Aplesa, 690 F. App'x 630, 634 (11th Cir. 2017). Because Hernandez's case does not involve § 924(c), Rosemond has no direct application. *See id.*; *see also* Hernandez v. Butler, No. 14-215-DLB, 2015 WL 1720043 at *5 (E.D. Ky. Apr. 15, 2015) (Memorandum Opinion and Order denying § 2241 petition filed by Antonio Hernandez, Jr. (one of Petitioner's co-defendants) and rejecting argument that Rosemond applies: "Rosemond concerns what is required to prove that one is guilty of 'aiding and abetting' in violation of 18 U.S.C. § 2. Regardless of the ruling in Rosemond, it is of no consequence to Hernandez. Arguably, Rosemond may have had an impact on the validity of his underlying convictions if he had been convicted of 'aiding and abetting' in violation of 18 U.S.C. § 2. However, since he was neither charged nor convicted of this offense,

Rosemond is simply not applicable to Hernandez."). Moreover, the Court in Rosemond did not hold that its ruling applied beyond aiding or abetting § 924(c) offenses. See 134 S. Ct. at 1251-52.

Therefore, in this case, review under § 2241 is not available as Petitioner Hernandez challenges the validity of his conviction. Further, Petitioner has not shown entitlement to review under the saving clause, to open the § 2241 portal. Accordingly, this § 2241 petition should be dismissed for lack of jurisdiction.

## Conclusion

For the reasons set forth above, it is **RECOMMENDED** the Respondent's motion to dismiss (ECF No. 11) be **GRANTED** and the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 2) be **DISMISSED for lack of jurisdiction**.

**IN CHAMBERS** at Tallahassee, Florida, on January 25, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**